# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN JUNIOR CHANDLER, AL5128,<br><br>Plaintiff,<br><br>vs.<br><br>TODD SPITZER, DAVID VALENTIN, GAVIN NEWSOM, BRYAN CATES,<br><br>Defendants. | Case No.: 3:23-cv-0829-MMA-DDL<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION PURSUANT TO 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

On May 2, 2023, Plaintiff Shawn Junior Chandler, proceeding *pro se*, and currently incarcerated in Tehachapi, California, filed civil rights action pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 at 1. Plaintiff did not prepay the $402 civil and administrative filing fee required by 28 U.S.C. § 1914(a), nor did he move to proceed *in forma pauperis*.

Upon initial review, the Court finds that Plaintiff has filed his case in the wrong venue. Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Section 1391(b) of Title 28 of the United States Code

provides, in pertinent part, that a "civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff alleges constitutional violations arising out of events occurring in Orange County. *See* Doc. No. 1 at 1. Moreover, Plaintiff names four defendants: Todd Spitzer and David Valentin, who both reside in Orange County, Bryan Cates, who resides in Kern County, and Gavin Newsom, who resides in Sacramento County. *Id.* at 2. No event or omission giving rise to any of Plaintiff's claims is alleged to have occurred in either San Diego or Imperial County, and no Defendant is alleged to reside here. *See* 28 U.S.C. § 84(d). Therefore, the Court finds venue is proper in the Central District of California, Southern Division, 28 U.S.C. § 84(c)(3), or the Eastern District of California, 28 U.S.C.§ 84(b), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.[1]

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this civil action for lack of proper venue, in the interests of justice, and for the convenience of the parties, to the docket of the United States District Court for the Central District of California, Southern Division, where Plaintiff's claims are alleged to have arisen and

---

[1] Because the Court finds transfer appropriate, it expresses no opinion as to whether his Complaint should survive the *sua sponte* screening required by 28 U.S.C. § 1915A(b). *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) ("For certain prisoner civil rights litigation, 28 U.S.C. § 1915A(a) requires pre-answer screening of the complaint so that 'the targets of frivolous or malicious suits need not bear the expense of responding.'") (citation omitted).

where the primary individual Defendants are alleged to reside, pursuant to 28 U.S.C. § 84(c)(3), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1406(a).

**IT IS SO ORDERED**.

Dated: May 10, 2023

HON. MICHAEL M. ANELLO
United States District Judge